UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. DUPONT, RANDY MOSELEY, and UTILICRAFT AEROSPACE INDUSTRIES, INC.,<br><br>        Plaintiff,<br><br>            v.<br><br>FREIGHT FEEDER AIRCRAFT CORPORATION, INC., L. DAVID BRIDGES, R. DARBY BOLAND, KEVIN WILLIAMS, STEPHEN CARMICHAEL, H. CLIFF SAYLOR, EDWARD F. EATON, WILL WEEKS, KIM LITTLEFIELD, and THE FIRST NATIONAL BANK OF ST. LOUIS,<br><br>        Defendants. | Case No. 13-cv-256-JPG-DGW |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by the plaintiffs:

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The complaint fails to allege the principle place of business of plaintiff Utilicraft Aerospace Industries, Inc.

2. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship.

*Held*, 137 F.3d at 1000.   The complaint fails to allege the citizenships of plaintiffs Dupont and Mosely and of defendants Bridges, Boland, Williams, Carmichael and Saylor.

3. **Failure to allege citizenship of national banking association.**   A national banking association is a citizen of the states in which it is located, 28 U.S.C. § 1348, and it is located in the state in which its main office, as set forth in its articles of incorporation, is located. *Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).   It may also be a citizen of the state of its principle place of business.   *See Firstar Bank N.A. v. Faul*, 253 F.3d 982, 988 (7th Cir. 2001).   The complaint fails to allege the citizenship of defendant First National Bank of St. Louis.

4. **Failure to allege the requisite amount in controversy.**   Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.   The complaint does not allege that the amount in controversy has been satisfied.

The Court hereby **ORDERS** that the plaintiffs shall have up to and including April 15, 2013, to amend the faulty pleading to correct the jurisdictional defect.   Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: April 1, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**