UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. DUPONT, RANDY MOSELEY and UTILICRAFT AEROSPACE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FREIGHT FEEDER AIRCRAFT CORPORATION, INC., L. DAVID BRIDGES, R. DARBY BOLAND, KEVIN WILLIAMS, STEPHEN CARMICHAEL, H. CLIFF SAYLOR, EDWARD F. EATON, WILL WEEKS, KIM LITTLEFIELD, and THE FIRST NATIONAL BANK OF ST. LOUIS, <br><br> Defendants. | Case No. 13-cv-256-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on (1) the motion to dismiss for lack of subject matter jurisdiction filed by defendants Freight Feeder Aircraft Corporation ("Freight Feeder"), L. David Bridges, Stephen Carmichael and H. Clif Saylor (Doc. 21) and (2) the motion to dismiss for failure to state a claim filed by defendant First National Bank of St. Louis ("the Bank") (Doc. 24).

This case stems from a settlement agreement (and several addenda thereto) (collectively, "the Settlement Agreement") between the plaintiffs, all the defendants except the Bank, and other parties who are not present in this lawsuit. The Settlement Agreement resolved another case in this district, *Freight Feeder Aircraft Corp. v. Dupont*, 11-cv-259-JPG-DGW, involving allegation of securities fraud, fraudulent misrepresentation, negligent misrepresentation, misappropriate of trade secrets, breach of contract, promissory estoppel, breach of the duty of good faith and fair dealing, breach of fiduciary duty and self-dealing. Among other things, the Settlement Agreement obligated Freight Feeder to make reasonable efforts to negotiate and close a sale of its

assets, to pay certain sums to plaintiffs John J. Dupont and Randy Moseley following the sale, and to pay Dupont certain sums on a monthly basis if the sale did not occur within a certain time after the Settlement Agreement was executed. The addenda to the Settlement Agreement extended the Settlement Agreement's deadlines.

Plaintiffs Dupont, Moseley and Utilicraft Aerospace Industries, Inc. ("Utilicraft") bring a claim against Freight Feeder and a number of individual parties to the Settlement Agreement (defendants Bridges, R. Darby Boland, Kevin Williams, Carmichael, Saylor, Edward F. Eaton, Will Weeks and Kim Littlefield, collectively "the individual defendants") for breach of contract (Count 1). They also sue the individual defendants (Count 2) and the Bank (Count 3) for fraud.

The Court firsts addresses issues of jurisdiction, then moves to issues of pleading sufficiency.

I.     **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 21)**

Defendants Freight Feeder, Bridges, Carmichael and Saylor have filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 21). They argue that the Court lacks diversity jurisdiction over this case because the plaintiffs and defendants are not completely diverse as required by 28 U.S.C. § 1332(a)(1). *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The evidence shows all the plaintiffs and defendant Williams share Texas citizenship. In response, the plaintiffs concede that so long as Williams is in this case, the parties are not completely diverse, and the Court lacks diversity subject matter jurisdiction. They propose, however, that the Court allow them to amend their complaint to omit Williams as a defendant so the Court can exercise jurisdiction over the case.

Dismissal of a diversity-destroying defendant from a lawsuit has long been recognized as an acceptable method of perfecting diversity jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (citing *Horn v. Lockhart,* 17 Wall. 570, 579 (1873));

*Caterpillar Inc. v. Lewis,* 519 U.S. 61, 73 (1996) (acknowledging diversity subject matter jurisdiction existed after diversity-destroying defendant was dismissed); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1271 (7th Cir. 1996) ("The district court is entitled to 'save' diversity jurisdiction by dismissing dispensable, non-diverse parties during the pendency of the proceedings."). This ought only to be allowed for dispensable parties. *Grupo*, 541 U.S. at 573.

The plaintiffs assert that Williams is a dispensable party, and no defendant has disagreed. Accordingly, the Court will allow the plaintiffs to dismiss Williams from this case. However, rather than allowing the plaintiffs to amend their complaint, the Court will construe their response to the motion to dismiss as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action against a defendant without a court order at any time before the defendant serves an answer or a motion for summary judgment. Williams has not served an answer or motion for summary judgment in this case. Because the plaintiffs have an absolute right to dismiss this case against Williams at the present time, the Court will find that all claims against Williams are dismissed without prejudice. This will render the defendants' motion to dismiss (Doc. 21) moot.

II.     **Motion to Dismiss for Failure to State a Claim (Doc. 24)**

The Bank has filed a motion to dismiss Count 3, the only claim against it, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 24). The plaintiffs have responded to the motion (Doc. 30), and the Bank has replied to that response (Doc. 31). The Bank asks the Court to dismiss Count 3 on the grounds that it fails to meet the pleading standard set forth in Federal Rule of Civil Procedure 8(a) or the heightened pleading standard for fraud as set forth in Federal Rule of Civil Procedure 9(b). The plaintiffs believe they have satisfied the requirements of Rule 8(a) and that factual disputes should prevent dismissal of Count 3 at this time.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For most claims, to avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

However, for fraud claims, a plaintiff must meet a more demanding standard. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439. The Rule 9(b) fraud pleading standard applies in this case to Count 3, a claim for fraud against the Bank.

The plaintiffs' allegations in the complaint do not satisfy Rule 9(b)'s pleading requirements. The plaintiffs allege the Bank conspired with the individual defendants to remove him from a residence in Santa Fe, New Mexico, despite the individual defendants' promise to continue making mortgage payments on the residence and by transferring its security interest in

4

Dupont's aircraft to the defendants so that they could exert pressure to force him from the residence by threatening to sell the aircraft. Count 3 of the Amended Complaint specifically alleges,

> 52. The Bank engaged in a pattern of intentional misrepresentations with the Plaintiff with the intent that the Plaintiff rely on the misrepresentations made.
>
> 53. The Plaintiffs justifiably relied on the intentional misrepresentations and were harmed by the aforementioned intentional misrepresentations.
>
> 54. Specifically, Dupont suffered harm from the fraudulent joint efforts between the Individual Defendants' [sic] and the Bank which forced Plaintiff to move from his residence and fraudulently acquired the security interest in Plaintiff's Cessna aircraft.

Am. Compl. at 12.

The plaintiffs' allegations with respect to their claim against the Bank are not pled with the requisite particularity of Rule 9(b). The plaintiffs do not describe the "who, what, when, where, and how" of the Bank's alleged fraud and instead make vague allegations that the Bank made some unspecified misrepresentations with the intent that a plaintiff (it is unclear to which of the three plaintiffs they are referring) rely on them. This is insufficient. Accordingly, the Court will dismiss Count 3 without prejudice. If the plaintiffs believe they can plead Count 3 with sufficient particularity, they may seek leave to further amend the Amended Complaint and tender the proposed amended pleading for the Court's review.

### III. Conclusion

For the foregoing reasons, the Court:

- Finds that all claims against defendant Williams are **DISMISSED without prejudice**;

- **DENIES as moot** the motion to dismiss for lack of subject matter jurisdiction filed by defendants Freight Feeder, Bridges, Carmichael and Saylor (Doc. 21);

- **GRANTS** the motion to dismiss for failure to state a claim filed by the defendant Bank (Doc. 24);

- **DISMISSES** Count 3 **without prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Williams and the Bank are terminated as parties to this case.

**IT IS SO ORDERED.**
**DATED: July 9, 2013**

                  s/J. Phil Gilbert
                  **J. PHIL GILBERT**
                  **DISTRICT JUDGE**