UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN J. DUPONT, RANDY MOSELEY and
UTILICRAFT AEROSPACE INDUSTRIES, INC.,

    Plaintiffs,

        v.

FREIGHT FEEDER AIRCRAFT CORPORATION,
INC., *et al.*,

    Defendants.

Case No. 13-cv-256-JPG-DGW

## MEMORANDUM AND ORDER

    This matter comes before the Court on the motion to strike the First Amended Complaint and Original Complaint (Doc. 45) filed by defendants Freight Feeder Aircraft Corporation ("Freight Feeder"), L. David Bridges, Stephen Carmichael and H. Clif Saylor, the only remaining defendants in this case.

    This case stems from a settlement agreement (and several addenda thereto) (collectively, "the Settlement Agreement") between the plaintiffs, all the defendants except the defendant First National Bank of St. Louis ("Bank"), and other parties who are not present in this lawsuit. The Settlement Agreement resolved another case in this district, *Freight Feeder Aircraft Corp. v. Dupont*, 11-cv-259-JPG-DGW, involving allegation of securities fraud, fraudulent misrepresentation, negligent misrepresentation, misappropriate of trade secrets, breach of contract, promissory estoppel, breach of the duty of good faith and fair dealing, breach of fiduciary duty and self-dealing. Among other things, the Settlement Agreement obligated Freight Feeder to make reasonable efforts to negotiate and close a sale of its assets, to pay certain sums to plaintiffs John J. Dupont and Randy Moseley following the sale, and to pay Dupont certain sums on a monthly basis if the sale did not occur within a certain time after the Settlement Agreement was executed. The addenda to the Settlement Agreement extended the Settlement Agreement's deadlines.

Plaintiffs Dupont, Moseley and Utilicraft Aerospace Industries, Inc. ("Utilicraft") bring a claim against Freight Feeder and a number of individual parties to the Settlement Agreement (defendants Bridges, R. Darby Boland, Kevin Williams, Carmichael, Saylor, Edward F. Eaton, Will Weeks and Kim Littlefield, collectively "the individual defendants") for breach of contract (Count 1).   They also sue the individual defendants (Count 2) and the Bank (Count 3) for fraud. Defendants Boland, Williams, Eaton, Weeks, Littlefield and the Bank have been dismissed from this case without prejudice.

Defendants Freight Feeder, Bridges, Carmichael and Saylor ask the Court to strike the First Amended Complaint (Doc. 13) and the original Complaint (Doc. 2) because those documents purport to be filed on behalf of Utilicraft, but plaintiffs' counsel had no authority to file such a pleading on Utilicraft's behalf.   They have submitted evidence that plaintiffs Dupont and Mosely had resigned as directors, officers and employees of Utilicraft at least a month before this lawsuit was originally filed.   They have also submitted declarations from defendant Williams, Utilicraft's director and sole officer, and Eaton, Utilicraft's only other director, (both of whom have been dismissed from this case) that they did not authorize plaintiffs' counsel to file this suit on Utilicraft's behalf.   The defendants believe the unauthorized filing of this lawsuit on Utilicraft's behalf could hurt the defendants' business prospects by wrongfully conveying the impression they are in litigation with Utilicraft.   The plaintiffs have not responded to the motion, although they filed a Second Amended Complaint (which was subsequently stricken by the Court) that omitted Utilicraft as a plaintiff (Doc. 39).

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay.   See *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).   For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. See, e.g., *Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); see also *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.

1992).   The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."   5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68.   The burden on a motion to strike is upon the moving party.   *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

The Court believes it is appropriate in this situation to construe the plaintiffs' failure to respond to the motion as an admission of the merits of the motion.   *See* SDIL Local Rule 7.1(g). There is no evidence of authority given by its shareholders, officers or directors to file this lawsuit on Utilicraft's behalf.   Furthermore, the defendants have carried their burden of demonstrating prejudice from the unauthorized filing of this case on Utilicraft's behalf, and the other plaintiffs have demonstrated through filing their Second Amended Complaint that they intended to remove Utilicraft from this case.   Accordingly, the Court **GRANTS** the motion to strike (Doc. 45). However, rather than striking the entire First Amended Complaint, it will simply **STRIKE** Utilicraft as a plaintiff and **DISMISS** without prejudice all claims purportedly brought by it in this case.   Utilicraft is terminated as a party to this case.   The claims of plaintiffs Dupont and Moseley contained in the First Amended Complaint are the only remaining claims in this case.

**IT IS SO ORDERED.**
**DATED: October 18, 2013**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**