UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. DUPONT and RANDY MOSELEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>FREIGHT FEEDER AIRCRAFT CORPORATION, INC., L. DAVID BRIDGES, R. DARBY BOLAND, KEVIN WILLIAMS, STEPHEN CARMICHAEL, H. CLIFF SAYLOR, EDWARD F. EATON, WILL WEEKS, KIM LITTLEFIELD, and THE FIRST NATIONAL BANK OF ST. LOUIS,<br><br>    Defendants. | Case No. 13-cv-256-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss or, in the alternative, for judgment on the pleadings as to the individual defendants (Doc. 43) filed by defendants Freight Feeder Aircraft Corporation ("Freight Feeder"), L. David Bridges, Stephen Carmichael and H. Clif Saylor, the only remaining defendants in this case. Plaintiffs John J. Dupont and Randy Moseley have responded to the motion (Doc. 53), and the defendants have replied to that response (Doc. 54).

**I.    Background**

This case stems from a May 2011 settlement agreement (and several addenda thereto) (collectively, "the Settlement Agreement") between the plaintiffs, all the defendants except the defendant First National Bank of St. Louis ("Bank"), and other parties who are not present in this lawsuit. The Settlement Agreement resolved another case in this district, *Freight Feeder Aircraft Corp. v. Dupont*, 11-cv-259-JPG-DGW, involving allegation of securities fraud, fraudulent misrepresentation, negligent misrepresentation, misappropriate of trade secrets, breach of

contract, promissory estoppel, breach of the duty of good faith and fair dealing, breach of fiduciary duty and self-dealing. Among other things, the Settlement Agreement obligated Freight Feeder to make reasonable efforts to negotiate and close a sale of its assets, to pay certain sums to Dupont and Moseley following the sale, and to pay Dupont certain sums on a monthly basis if the sale did not occur within a certain time after the Settlement Agreement was executed. The Settlement Agreement specifically states, in pertinent part:

> 5.35 Freight Feeder shall use commercially reasonable efforts to successfully close a Freight Feeder Asset Sale within six (6) months of the Signature Date. Should the Funding Date not occur within six (6) months following the Signature Date, beginning in the seventh month following the Signature Date Freight Feeder shall pay to Dupont monthly payments of Ten Thousand Dollars ($10,000) (the "Adequate Protection Payment") for each month that a Freight Feeder Asset Sale has not been closed. The Adequate Protection Payment shall be due on the fifteenth (15th) day of each given month.
>
> * * *
>
> 5.38 Contingent upon and following a successful closing and funding of a Freight Feeder Asset Sale, Freight Feeder agrees to pay Mosely Sixty-Five Thousand Dollars ($65,000). The payment set forth in the preceding sentence shall be paid to Mosely within seven (7) business days of the Funding Date of any Freight Feeder Asset Sale.
>
> * * *
>
> 5.40 . . . . Dupont and Mosely agree and acknowledge that their remedies following a payment default shall be limited to monetary damages against Freight Feeder for the amounts owed hereunder, and will not give rise to any claims for rescission or nullification of this Settlement Agreement. . . .

Settlement Agreement at 17-18 (Doc. 2-1). The Settlement Agreement also provided that the parties released their claims against all other parties of any kind, known or unknown, that they possessed before the Settlement Agreement was executed. Settlement Agreement § 6.01. The addenda to the Settlement Agreement extended the Settlement Agreement's deadlines.

Plaintiffs Dupont, Moseley and Utilicraft Aerospace Industries, Inc. ("Utilicraft") bring a

claim against Freight Feeder and a number of individual parties to the Settlement Agreement (defendants Bridges, R. Darby Boland, Kevin Williams, Carmichael, Saylor, Edward F. Eaton, Will Weeks and Kim Littlefield) for breach of contract (Count 1).   They also sue the individual defendants (Count 2) and the Bank (Count 3) for fraud.   Defendants Boland, Williams, Eaton, Weeks, Littlefield and the Bank and all claims purportedly brought by Utilicraft have been dismissed from this case without prejudice.

     The defendants ask the Court to dismiss Counts 1 and 2 against the individual defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, to grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).   As for Count 1, the breach of contract claim, they argue that the plain language of the Settlement Agreement reveals that they have no obligation to pay Dupont or Mosely and that the payment obligation was solely undertaken by Freight Feeder.   As for Count 2, the fraud claim, the defendants first argue that the First Amended Complaint fails to meet the pleading standard set forth in Federal Rule of Civil Procedure 8(a) or the heightened pleading standard for fraud as set forth in Federal Rule of Civil Procedure 9(b).   They then argue that these fraud claims, which are based on alleged misrepresentations by the individual defendants prior to the Settlement Agreement, were released by that agreement.

     In response (Doc. 53), the plaintiffs argue that the intent of the Settlement Agreement was clearly to provide them with certain sums of money and that the individual defendants, as principals of Freight Feeder and signatories to the Settlement Agreement, breached their obligation under the Settlement Agreement to make reasonable efforts to sell Freight Feeder's assets.   As for the fraud claim, the plaintiffs argue their claim is based on fraudulent inducements to enter into the addenda to the original settlement agreement in March and September 2012,

namely, misrepresentations that the individual defendants were making commercially reasonable efforts to sell Freight Feeder's assets. They believe they have adequately pled the details surrounding their claim. Alternatively, they ask for leave to replead Count 2.

## II. Analysis

### A. Standard for Dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For most claims, to avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

However, for fraud claims, a plaintiff must meet a more demanding standard. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439. The Rule 9(b) fraud pleading standard applies in this case to Count 2, a claim for fraud

4

against the individual defendants.

  B.  <u>Count 1: Breach of Contract</u>

  With respect to Count 1, the Court applies the notice pleading requirements set forth in Rule 8(a). It further relies on the Settlement Agreement itself, not what the Amended Complaint alleges the Settlement Agreement says. *See Polzin v. Gage*, 636 F.3d 834, 838 n. 1 (7th Cir. 2011) (*per curiam*).

  Whether the Settlement Agreement obligates the individual defendants to pay anything to Dupont and Mosely or creates any liability for the individual defendants if Freight Feeder fails to perform as promised in the agreement is a question of contract interpretation. Under Illinois law, when construing a contract the Court must give effect to the intent of the parties. *Schek v. Chicago Transit Auth.*, 247 N.E.2d 886, 888 (Ill. 1969). The Court must first attempt to determine this intent solely from the contract language. *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999) (citing *Western Ill. Oil Co. v. Thompson*, 186 N.E.2d 285, 287 (Ill. 1962)); *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984). It is the Court's duty to construe and enforce the contract as it was written. *Shaffer v. Liberty Life Assur. Co. of Boston*, 746 N.E.2d 285, 288 (Ill. App. Ct. 2001). If the language is unambiguous, the Court must interpret the contract as a matter of law without reference to extrinsic, or parol, evidence. *Air Safety*, 706 N.E.2d at 884. On the other hand, if the language is susceptible to more than one meaning, then the contract is ambiguous and parol evidence may be used to determine the parties' intent. *Air Safety*, 706 N.E.2d at 884. Whether the contract is ambiguous is a question of law to be determined by the Court. *Central Ill. Light Co. v. Home Ins. Co.*, 821 N.E.2d 206, 214 (Ill. 2004).

  The Settlement Agreement is unambiguous as to which of the defendants it obligates to perform: Freight Feeder. The clear language obligates only Freight Feeder to make reasonable

efforts to sell Freight Feeder's assets and only Freight Feeder to pay Dupont and Mosely. Settlement Agreement §§ 5.35 and 5.38. It further clearly limits Dupont and Mosely to the remedy of seeking damages from Freight Feeder. Settlement Agreement § 5.40. There is no reasonable interpretation of the plain language of the Settlement Agreement that would obligate the individual defendants to make reasonable efforts to sell Freight Feeder's assets or to pay Dupont or Mosely. For this reason, the Court will dismiss Count 1 as to the individual defendants.

  C. <u>Count 2: Fraud</u>

With respect to Count 2, the Court applies the heightened notice pleading requirements set forth in Rule 9(b). The plaintiffs' allegations in the complaint do not satisfy this pleading requirement. The plaintiffs concede in their response to the motion to dismiss that the alleged fraudulent representations that form the basis for Count 2 occurred after execution of the original settlement agreement in May 2011; claims based on statements predating the original settlement agreement were released by that agreement. Settlement Agreement § 6.01. Therefore, the Court only considers representations alleged after May 2011.

The plaintiffs allege that in September 2012, the individual defendants conspired with the Bank to remove him from a residence in Santa Fe, New Mexico, despite the individual defendants' promise to continue making mortgage payments on the residence, by threatening to sell an aircraft for less than it was worth. Am. Comp. at 10. Count 2 of the Amended Complaint specifically alleges,

> 47. The Individual Defendants engaged in a pattern of intentional misrepresentations with the Plaintiffs with the intent that the Plaintiffs rely on the misrepresentations made.
>
> 48. The Plaintiffs justifiably relied on the Individual Defendants' intentional misrepresentations and were harmed by the aforementioned intentional

6

>   misrepresentations.
>
>   49. Specifically, Dupont suffered harm from the Defendants' continued misrepresentations because the Defendants fraudulently induced Dupont into performing on the addenda to the Settlement Agreement.

Am. Compl. at 11. The plaintiffs also point to paragraphs 39 to 41 of the Amended Complaint to support their fraud claim, but there are no allegations of any representations, much less any misrepresentations, in those paragraphs.

The plaintiffs' allegations with respect to their claim against the individual defendants are not pled with the requisite particularity of Rule 9(b). The plaintiffs do not describe the "who, what, when, where, and how" of the individual defendants' alleged fraud and instead make vague allegations that the individual defendants made some unspecified misrepresentations with the intent that the plaintiffs rely on them. This is insufficient. Accordingly, the Court will dismiss Count 2 without prejudice. If the plaintiffs believe they can plead Count 2 with sufficient particularity, they may seek leave to further amend the Amended Complaint and tender the proposed amended pleading for the Court's review. However, if they file such a motion, they must do so by November 1, 2013, the deadline to amend the pleadings as set forth in Magistrate Judge Wilkerson's August 30, 2013, scheduling order (Doc. 47).

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the motion to dismiss or, in the alternative, for judgment on the pleadings as to the individual defendants (Doc. 43) filed by defendants Freight Feeder, L. David Bridges, Stephen Carmichael and H. Clif Saylor;

- **DISMISSES** Count 1 against defendants L. David Bridges, Stephen Carmichael and H. Clif Saylor **with prejudice**;

- **DISMISSES** Count 2 **without prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants L. David Bridges, Stephen Carmichael and H. Clif Saylor are terminated as parties to this case.   The only remaining claim is Count 1 for breach of contract against Freight Feeder.

**IT IS SO ORDERED.**
**DATED: October 24, 2013**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**