IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN J. DUPONT and RANDY MOSELEY,  )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )        Case No. 3:13-cv-256-JPG-DGW
                                    )
FREIGHT      FEEDER     AIRCRAFT)
CORPORATION,                        )
                                    )
            Defendant.              )

## ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to File Second Amended Complaint filed by Plaintiff, John J. Dupont, on November 1, 2013 (Doc. 58) and the Motion for a Rule 16 Conference filed by the parties on December 10, 2013 (Doc. 61).  For the reasons set forth below, the Motion to Amend is **GRANTED IN PART and DENIED IN PART** and the Motion for a Rule 16 Conference is **DENIED AS MOOT**.

### BACKGROUND

This matter currently is proceeding on the First Amended Complaint (Doc. 13) in which Plaintiffs have sued a number of Defendants in relation to a settlement agreement (and addenda) made in May, 2011.  Through various Orders (Docs. 34, 52, and 55) the parties (and claims) to this litigation have been whittled down to those listed in the caption above.   Plaintiff now seeks to reassert claims against individual Defendants R. Darby Boland, David Bridges, Stephen Carmichael, Edward F. Eaton, Kim Littlefield, H. Cliff Saylor, and Will Weeks.

According to the First Amended Complaint, John J. Dupont founded American Utilicraft Corporation (now named Utilicraft) in 1990 in order to produce specialized freight aircraft.  In

2007, Freight Feeder Aircraft Corporation ("FFAC")[1] entered into an Asset Purchase Agreement with Utilicraft, to purchase certain patents related to the design, use, and control of freight aircrafts, and an employment agreement with Dupont.   In 2009, the individual Defendants (who appear to be the principals and directors of FFAC) sought to buyout Dupont's interest in FFAC and terminate his employment agreement.   The buyout agreement contained various clauses in which FFAC would compensate Dupont for relinquishing his interests in FFAC.   Plaintiffs allege that FFAC failed to execute its part of the agreement, by failing to pay certain sums to Dupont, and further represented to him (in January 2010) that the buy-out agreement (a liability for FFAC) would be held by a shell corporation once the assets of FFAC were sold to a third party, MidAmerica Aircraft Corporation ("MidAmerica," which also is owned and controlled by the individuals controlling FFAC).   Plaintiff Randy Moseley began employment with FFAC in December 2007 as its Chief Financial Officer and director.   He also had an employment agreement with FFAC that "has been inexorably terminated" by the sale of FFAC's assets to MidAmerica.

After these events, in April, 2010, Plaintiffs filed a Complaint in the District Court for the Northern District of Texas that was dismissed in December, 2010.   Thereafter, the parties entered into settlement negotiations.   When the negotiations stalled, Defendant FFAC filed a complaint in this Court in April, 2011.[2]   The parties again attempted to negotiate a settlement, and entered into a settlement agreement on May 4, 2011.   This agreement again called for certain payments to Dupont, the timeline for the payments was extended by various addenda.   Plaintiffs allege that

---

[1] Plaintiff has erroneously listed this Defendant as Freight Feeder Aircraft Corporation, *Inc*. Defendant's pleadings omit the "Inc."

[2] *Freight Feeder Aircraft Corporation v. John J. Dupont, et al.*, 3:11-cv-259-JPG-DGW. Dismissed on June 14, 2011 pursuant to a notice of voluntary dismissal filed by FFAC.

Defendants have nonetheless failed to make payments to Dupont beginning in January, 2013.[3] Plaintiffs further allege that FFAC has failed to make negotiated payments to Moseley (pursuant to the same or a separate agreement).

Finally, Plaintiffs allege that Defendants conspired with a bank, First National Bank of St. Louis ("First National"), to divest Dupont of his home located in Santa Fe, New Mexico. Plaintiffs allege that Defendants failed to make mortgage payments on the home, as they agreed, and instead compelled the bank to turn over its security for the mortgage, a Cessna aircraft, to them for the purpose of "forcing Plaintiff [Dupont] from his residence."

Plaintiffs assert three causes of actions, breach of contract against FFAC (Count 1), fraud against the individual defendants (Count 2), and fraud against First National (Count 3).

In an Order (Doc. 34) dated July 9, 2013, the District Court considered FFAC's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 21) which resulted in the dismissal (without prejudice) of Defendant Kevin Williams (who shared the same citizenship at Plaintiffs).   The District Court also considered a First National's Motion to Dismiss for failure to state a claim (Doc. 24) which resulted in the dismissal, without prejudice, of Count 3 for failure to plead with particularity as required by Federal Rule of Civil Procedure 9(b).

In a second Order dated September 13, 2013 (Doc. 52), the District Court considered Plaintiffs' claims against R. Darby Boland, Edward F. Eaton, Kim Littlefield, and Will Weeks. The Court previously had informed Plaintiffs that these Defendants would be dismissed because of Plaintiffs' failure to serve them within the time provided by Rule 4(m) (Doc. 42) unless Plaintiffs showed cause why they should not be dismissed.   Plaintiffs failed to show cause and the Court dismissed, without prejudice, these Defendants.   The Court instructed the Clerk of Court to enter

---

[3] The First Amended Complaint indicates January 2012, but this appears to be a typo.

judgment accordingly at the conclusion of this lawsuit.

In a third Order dated October 18, 2013 (Doc. 55), the District Court considered Defendants' Motion to Strike the First Amended Complaint.  Defendants argued that Plaintiffs Dupont and Moseley had no authority to bring a lawsuit on behalf of Utilicraft.  Plaintiff failed to respond to the Motion to Strike and the Court, instead of striking the entire pleading, struck Plaintiff Utilicraft and dismissed, without prejudice, claims purportedly brought by it against Defendants.

In a final Order, dated October 24, 2013 (Doc. 56), the District Court considered another Motion to Dismiss or for Judgment on the Pleadings filed by Defendants (Doc. 43), as to the claims in Counts 1 and 2 against the remaining individual Defendants, Bridges, Carmichael, and Saylor.  The Court found that, as to Count 1, the contract at issue only obligated FFAC to perform certain acts and pay Plaintiffs the sums they are allegedly owed.   Thus, the Court dismissed Count 1 as to the individual Defendants.   The Court also found that Plaintiffs failed to plead Count 2 (fraud) with the requisite particularity required by Rule 9(b).

As a result of these rulings, the only claim that remains in this lawsuit is a breach of contract count (Count 1) against FFAC by Dupont and Moseley.  Plaintiffs now have filed a Motion to Amend the Complaint and have attached a Second Amended Complaint ("SAC") (Doc. 58).[4]  Defendant has not responded to the Motion.  Plaintiffs assert that they have attempted to plead the fraud counts with sufficient particularity as to the dismissed individual Defendants.[5]

---

[4] The Court's consideration of Plaintiffs' motion is hampered by their failure to follow the Local Rules and highlight changes made in the pleading.

[5] Except as to Kevin Williams.  Plaintiffs do not include Kim Littlefield in the caption of the proposed SAC, but does include her as a party under Section I of the pleading.   Plaintiffs also do not seek to resurrect their fraud count against First National.

Plaintiffs also have asserted an additional Count, breach of fiduciary duties as to the individual Defendants.      The substantive changes are located in and after section IIIE of the proposed SAC.

Plaintiffs allege that the individual Defendants conspired, in January 2013, to direct FFAC to stop making "Adequate Protection Payments" to Plaintiff Dupont while at the same time representing that FFAC would make payments if "Plaintiffs" resigned from their positions with Utilicraft.[6] (SAC, ¶¶ 39 and 40).   Plaintiffs thereafter resigned their positions with Utilicraft but no payments were made.   (SAC ¶ 40).   In the section outlining Count II, fraud against the individual Defendants,[7] Plaintiffs allege that they represented that they would continue making payments to Plaintiff pursuant to the settlement agreement, that they knew this representation to be false, that Plaintiff relied on this statement by resigning from Utilicraft, that Defendants failed to make payment (through FFAC), and that Plaintiffs were harmed by the loss of their positions with Utilicraft (along with other economic damages).   Plaintiffs also have asserted a breach of fiduciary duties claim (Count III).   They assert that the individual Defendants owe Plaintiffs, as shareholders of FFAC and Utilicraft, a duty, that they breached that duty by "the transfer of technology assets" to a third party, Covenant Aerospace, Inc. (which is owned by the individual Defendants), without receiving anything of value in return.

### DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires."   Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly

---

[6] The proposed SAC does not indicate what position Moseley held with Utilicraft (which appears to wholly owned and operated by Dupont).

[7] Plaintiffs have not asserted a fraud count against FFAC.

failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Common law fraud has five elements: a false statement of material fact, knowledge that the statement is false, intent to induce a plaintiff to act on the false statement, plaintiff's reliance on the truth of the statement, and damages. *Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 613 (7th Cir. 2013). Federal Rule of Civil Procedure 9(b) requires fraud to be pled with particularity: "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The exact particularity requirement would vary from case to case depending on the fact alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). As indicated above, Plaintiffs allege that the individual Defendants promised (collectively and through "their counsel") to continue making "Adequate Protection Payments" to Plaintiffs, that this promise was false because they had already agreed to stop making such payments (through FFAC), that Defendants intended Plaintiffs to resign their positions with Utilicraft in reliance on these false promises, that Plaintiffs in fact relied on the truthfulness of the false statements, and that they were damaged as a result. Plaintiffs have pled fraud with particularity, offering the who, what, why, when, and where of the fraud count.

It seems to the Court, however, that this fraud count may be subject to dismissal. It appears from the pleadings that Plaintiff is attempting to pierce the corporate veil and extract a judgment from the owners of FFAC because that entity may be judgment proof (i.e. devoid of assets). Plaintiffs therefore have elected to pursue a fraud count which, while perhaps sufficient to withstand scrutiny under Rule 15, may not withstand scrutiny under Rule 12. Plaintiffs are essentially alleging that Defendants promised them payments that were already promised in the settlement agreement with FFAC; and, that in reliance on this duplicative promise, they agreed

resign their positions with Utilicraft.   Promises of future action generally are insufficient to make out a fraud claim in Illinois. *Madison Assocs. V. Bass*, 511 N.E.2d 690, 699 (Ill. App. Ct. 1987). However, they may be sufficient if Plaintiffs are alleging promissory fraud, "which is when a party makes a promise about future conduct but never intends to keep that promise."   *Lillien v. Peak6 Investments, L.P.*, 417 F.3d 667, 671 (7th Cir. 2005).   It seems that such a claim would be against FFAC and not its principals.   Moreover, it would appear that Plaintiffs' reliance, on a promise from the individual Defendants that they would ensure that FFAC uphold its previous promise, is entirely unreasonable.   Plaintiffs already were allegedly promised payments pursuant to the settlement agreement – that the promise was bolstered by the individual Defendants may not have lead a reasonable person to act to his detriment.   In any event, Defendant FFAC has not responded to this Motion to Amend and these concerns may best be resolved on a motion to dismiss.

Plaintiffs are also asserting a breach of fiduciary duties claim against the individual Defendants.   Plaintiffs claim that as shareholders of FFAC and Utilicraft, Defendants owe them a duty of care, loyalty, honesty, and good faith, and that they breached these duties by transferring "technology assets" to Covenant Aerospace for nothing in return.   Plaintiffs assert that:

> By transferring technology out of FFAC into another entity without receiving value for same, the individual Defendants have committed ultra vires acts in breach of the [sic] their fiduciary duties to the shareholders of FFAC and Utilicraft (SAC ¶. 57).

It is unclear whether Plaintiffs are attempting to assert a shareholder derivative suit or whether they are attempting to sue in their own names for breaches of duties that are specifically owed to them. In either event, Plaintiffs have clearly failed to state a claim and such an amendment would be futile.   To the extent that Plaintiffs are attempting to engage in a derivative action, they have failed to comply with pleading requirements of Rule 23.1.   In particular, Plaintiffs have not indicated what efforts they have taken to secure action from FFAC's board of directors.   To the

extent that Plaintiffs are seeking to file class claims on behalf of all shareholders, they have not complied with the requirements of Rule 23.   Moreover, there is no allegation in the SAC with respect to whether the individual Defendants also are on the board of directors of Utilicraft such that they would be liable to Plaintiffs.   There is similarly no indication that Utilicraft is anything but an independent corporation would have no interest in the activities of FFAC.   In any event, this Count is deficient on its face.   Plaintiffs have offered no plausible explanation of how, as shareholders, they have the capacity to sue the board of directors of a company in which they own stock.

CONCLUSION

On February 13, 2014, this Court held a conference in which new deadlines were set. Therefore, the Motion for a Rule 16 conference is **DENIED AS MOOT**.  The new deadlines shall appear in a separate docket entry.   The parties are reminded that the Order Regarding Discovery (Doc. 49) and directions contained in the Settlement Conference Notice (Doc. 48) remain in effect.

For the foregoing reasons, the Motion to Amend is **GRANTED IN PART and DENIED IN PART**.   The following is hereby **ORDERED**:

1.  Plaintiffs shall file their Second Amended Complaint within 3 days of the date of this Order.

2.  Plaintiffs are **GRANTED** leave to proceed on Counts I and II of the Second Amended Complaint.

3.  Leave to amend is **DENIED** with respect to Count III.

4.  Plaintiffs shall correct the Caption of the Second Amended Complaint to include Kim Littlefield.

5.  Plaintiffs are instructed to *timely* serve the individual Defendants.   Service shall be completed within 45 days of the date of this Order.   The Court notes that

this matter has been pending for a significant period of time and it is unlikely that the deadlines in this matter will be extended.

6.   This matter is **SET** for a telephonic status conference on **April 18, 2014 at 10:30 a.m.**     Plaintiffs to initiate the conference call.   The Court's conference number is (618) 482-9004.

**IT IS SO ORDERED**

**DATED: February 13, 2014**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**