UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN J. DUPONT and RANDY MOSELEY,

    Plaintiffs,

        v.

FREIGHT FEEDER AIRCRAFT CORPORATION, INC., L. DAVID BRIDGES, R. DARBY BOLAND, STEPHEN CARMICHAEL, H. CLIFF SAYLOR, EDWARD F. EATON, WILL WEEKS and KIM LITTLEFIELD,

    Defendants.

Case No. 13-cv-256-JPG-DGW

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    This matter comes before the Court for case management purposes. This matter was stayed from October 29, 2014, to November 2, 2015, during the pendency of the bankruptcy proceedings of defendant Freight Feeder Aircraft Corporation Inc. ("Freight Feeder"). When Freight Feeder emerged from bankruptcy, the Court ordered a telephone status conference on November 16, 2015, to address the status of this case in light of the proceedings in the bankruptcy case. At that conference, the plaintiffs' counsel indicated he would file something within 30 days to indicate what direction this case should take. No filing was forthcoming.

    The Court held another status conference on January 19, 2016, to again attempt to assess the status of this case. At the conference, the plaintiffs' counsel indicated he would file a motion for default judgment "within the next few days." Ten days have passed since the status conference, and nothing has been filed. In light of the plaintiffs' repeated failure to take action it promised to take to move this case along, the Court has doubts about whether the plaintiffs intend to pursue this case.

By the same token, Freight Feeder's counsel was allowed to withdrew from the case in October 2014, and Freight Feeder neglected to retain substitute counsel in a timely manner. Freight Feeder also failed to appear for the two aforementioned status conferences set after it emerged from bankruptcy. It likewise appears Freight Feeder does not intend to pursue its counterclaims in this case.

Accordingly, the Court **ORDERS** the plaintiffs and Freight Feeder to **SHOW CAUSE** on or before February 12, 2016, why their respective remaining claims in this case should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Failure to respond in a timely manner to this order may result in dismissal of those claims.[1]

**IT IS SO ORDERED.**
**DATED:   February 1, 2016**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

---

[1] It may, in fact, be a rational decision not to continue this case if Freight Feeder's debts to the plaintiffs, if any, were discharged in bankruptcy, and Freight Feeder's counterclaims against the plaintiffs were not listed on the appropriate schedule of assets and could be foreclosed by judicial estoppel.